**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 44662**

| | | |
|---|---|---|
| In the Matter of JANE DOE III, A Minor Child Under Eighteen (18) Years of Age. | ) ) | |
| ------------------------------------------------------- | ) | |
| JOHN DOE and JANE DOE II, Husband and Wife, | ) ) ) | Boise, April 2017 Term |
| | ) | 2017 Opinion No. 54 |
| Petitioners-Respondents, | ) ) | |
| | ) | Filed: May 31, 2017 |
| v. | ) ) | |
| | ) | Stephen Kenyon, Clerk |
| JOHN DOE I (2016-45), | ) ) | |
| Respondent-Appellant. | ) ) | |
| | ) | |

Appeal from the Magistrate Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Frank P. Kotyk, Magistrate Judge.

The judgment of the magistrate court is affirmed.

Tera Harden, Chief Public Defender, Caldwell, for appellant.

Marcus Christian Hardee & Davies, LLP, Boise, for respondent.

**ON THE BRIEFS**

_____

BRODY, Justice

This is a parental rights termination and adoption case. John Doe I ("Father") is incarcerated. The magistrate court held that it was in the best interest of Jane Doe III ("Child") that Father's rights be terminated so that John Doe II ("Stepfather") may adopt her. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe II ("Mother") and Father are the natural parents of Child. Mother and Father began living together in 2007, and Child was born in early 2008. Mother and Child lived with Father until early 2011, when Mother and Father separated due to continuous domestic violence perpetrated by Father. Since her parents separated, Child has been in the primary physical custody of Mother and has had minimal contact with Father.

1

In June 2011, Father was charged with second degree murder. In November 2011, a jury found him guilty of second degree murder and he was sentenced to a minimum of fifteen years confinement, with a subsequent indeterminate period not to exceed life.

While Father was in jail awaiting trial, Mother and Child visited him frequently. After sentencing, Father was transferred to the Idaho State Correctional Institute in Boise. Mother and Child visited him there once in September 2012. This was the last physical contact Child had with Father. Shortly after this visit, Father was transferred to a prison in Colorado. In early 2016, he returned to the Correctional Institute in Boise. Father made frequent phone calls to Child until 2013 when Mother, out of concern for Child, began restricting calls to Child. Thereafter, Father sent a few letters to Child, but has essentially had no contact with Child since then.

In 2013, Mother began dating Stepfather. In May 2015, Mother and Stepfather were married. Mother and Stepfather have two children together, and they, Child and their two children live as a family in Nampa. Mother and Stepfather operate two daycare centers in Nampa. Stepfather has acted as a father figure to Child since he began dating Mother, and has had the care, custody and control of Child since he married Mother in 2015. Stepfather loves Child and has normal parent-child interactions with her. Although Child is aware that Father is her biological father, she calls Stepfather "Dad." Stepfather is willing and able to provide financial and emotional support to Child.

In February 2016, Stepfather, with the consent of Mother, filed a pro se Petition for Adoption of Child. Father filed an answer objecting to the petition and seeking dismissal of the action. After obtaining counsel, Mother and Stepfather, as co-petitioners, filed an Amended Petition for Termination of Parent/Child Relationship and Adoption by Stepparent. Thereafter, a trial was held and the magistrate court issued its Memorandum Decision and Order. The court concluded that Mother and Stepfather had proven by clear and convincing evidence that Father would be incarcerated during Child's entire minority and that it was in the best interest of Child to terminate Father's parental rights under Idaho Code section 16-2005. Accordingly, the court ordered that Father's parental rights as to Child be terminated. Father timely appealed.

## II.  ISSUES PRESENTED ON APPEAL

1. Whether substantial and competent evidence supports the magistrate court's determination that the termination of Father's parental rights was in the best interest of Child.

2. Whether Mother's consent to the adoption of Child by Stepfather complied with statutory requirements.

### III. STANDARD OF REVIEW

The applicable standards of review will be addressed in the appropriate sections below.

### IV. ANALYSIS

**A.    Substantial and competent evidence supports the magistrate court's determination that termination is in the best interest of the child.**

This is an adoption and termination of parental rights filed under Idaho Code section 16-2005(1)(e). Chapter 20 of Idaho Code Title 16 governs the termination of parental rights. I.C. § 16-2001. The stated purpose of the chapter is to "provide for [the] voluntary and involuntary severance of the parent and child relationship and for substitution of parental care and supervision by judicial process," while recognizing the implicit philosophy that "wherever possible[,] family life should be strengthened and preserved." I.C. § 16-2001(1)(a), (2). Idaho Code section 16-2005(1) provides that parental rights may be terminated if it is in the best interests of the child and at least one of the following conditions exists:

> (a) The parent has abandoned the child.
> (b) The parent has neglected or abused the child.
> (c) The presumptive parent is not the biological parent of the child.
> (d) The parent is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child. [and/or]
> (e) The parent has been incarcerated and is likely to remain incarcerated for a substantial period of time during the child's minority.

(emphasis added). "Each statutory ground is an independent basis for termination." *In re Doe*, 143 Idaho 343, 345, 144 P.3d 597, 599 (2005).

Additionally, it is well established that "the relationship between a parent and child is constitutionally protected," so principles of due process are implicated. *Quilloin v. Walcott*, 434 U.S. 246, 255 (1978). Due process requires that the grounds for terminating a parent-child relationship be proven by clear and convincing evidence. *In re Doe*, 143 Idaho at 345, 144 P.3d at 599. On review, this Court determines whether the trial court's decision was supported by substantial and competent evidence. *Id.* at 345–46, 144 P.3d at 599–600. "Substantial, competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted). "Obviously, the substantial evidence test requires

3

a greater quantum of evidence in cases where the trial court finding must be supported by clear and convincing evidence, than in cases where a mere preponderance is required." *Id.* at 346, 144 P.3d at 600 (quoting *In re Bush*, 113 Idaho 873, 876, 749 P.2d 492, 495 (1988)).

Father argues that there is an important bond between he and Child and that there was no evidence presented that termination of Father's parental rights was necessary to prevent harm to Child. Father also argues that the magistrate court decision to terminate parental rights is improperly made, as between a parent and a stepparent, on the basis of who would be a better parent. On these bases, Father contends that the magistrate court erred in terminating his parental rights.

The appropriate standard to be used in determining whether a parent's rights should be terminated is in Idaho Code section 16-2005. The relevant section for our purposes is Idaho Code section 16-2005(1). Whether termination of parental rights is necessary to prevent harm to the child is not the test required by Idaho Code section 16-2005(1). Nor is it a determination of which adult involved would be the "better" parent, as Father correctly notes. *In re Doe (2014-09)*, 157 Idaho 14, 17, 333 P.3d 125, 128 (2014) (declaring that "[t]he issue in a termination proceeding is not whether the natural parent or the stepparent would better discharge parental responsibilities"). Instead, the statute requires that the magistrate court conduct a best interest analysis and find the presence of one or more of the specific statutory factors for proper involuntary termination. I.C. § 16-2005. Admittedly, the best interest analysis is wide-ranging and takes into consideration a variety of factors. *See Danti v. Danti*, 146 Idaho 929, 935, 204 P.3d 1140, 1146 (2009) (declaring that "[i]n determining what is in the child[]'s best interests, courts are required to consider all relevant factors. Relevant factors may include, but are not limited to . . . the interrelationship and interaction between the children and their parents and siblings; the extent the children have adjusted to their school, home, and community; the character and circumstances of the persons involved; the need to promote continuity and stability in the children's lives; and domestic violence" (internal citations omitted)). Accordingly, this Court has allowed trial courts to consider a lack of evidence that termination of a parent's parental rights is necessary to prevent harm to the child as a factor in its best interest analysis. *In re Doe*, 157 Idaho at 17, 333 P.3d at 128. However, this is only one factor in a wide-ranging analysis and not an overriding concern or emphasized principle.

Here, the magistrate court applied the appropriate standard and conducted its best interest analysis in accordance with recognized principles. In its decision, the magistrate court made extensive findings of fact detailing the nature of the relationship between Mother and Father prior to their separation, Father's conviction and imprisonment, Father's attempts to maintain contact with Child and the nature of the relationship between Father and Child, Mother and Stepfather, and Stepfather and Child. Based on these findings, the court concluded that it was in the best interest of Child that Father's parental rights be terminated. There is substantial and competent evidence in the record to support this conclusion. The record indicates that Child was three and a half years old when Father was sentenced and thus will be eighteen and a half when Father finishes serving his minimum sentence, a condition which fulfills Section 16-2005(e). The record also indicates that Child lives in a safe, stable, nurturing environment with Mother, Stepfather and her two half-siblings; that Child and Stepfather love each other and have normal parent-child interactions; and that Stepfather is willing and able to provide for the physical, emotional and financial needs of Child. It is also relevant that Mother and Stepfather are pursuing termination and adoption primarily to allow Child to remain with Stepfather and her half-siblings in the event Mother becomes unavailable or indisposed. The court's best interest finding was not a judgment that Stepfather would be a "better" parent. Rather, it was a thoughtful decision that considered a range of factors and concluded, on the basis of all the facts before it, that termination of Father's rights was in the best interest of Child. There was substantial and competent evidence in the record to support this determination. We affirm the decision of the magistrate court.

**B.     Mother's consent to the adoption of Child did not violate statutory requirements.**

Father asserts that Mother's consent to the adoption of Child did not conform with the requirements of Section 16-2005(4) and as a result Mother's consent is void and the trial court is prohibited from undertaking a best interest analysis in the termination proceeding in contemplation of Child's adoption.

This contention is raised for the first time on appeal. Father did not contest the validity of Mother's consent to Child's adoption in the proceedings below. Thus, it is not properly addressed by this Court. *Bradford v. Roche Moving & Storage, Inc.*, 147 Idaho 733, 736, 215 P.3d 453, 456 (2009) ("We will not address issues raised for the first time on appeal").

Additionally, although parental rights termination proceedings and adoption proceedings can be heard concurrently per Idaho Code section 16-1506(4), rulings or procedural defects in one proceeding do not necessarily affect the other. Father is appealing the magistrate court's termination decision by challenging the validity of Mother's consent for adoption. Idaho Code section 16-1503(c) requires the mother's consent for the adoption of a child born outside marriage. Termination proceedings are conducted prior to but separate from adoption proceedings and are governed by Idaho Code section 16-2005, as set forth above. For termination to proceed, the court must conclude that termination is in the best interest of the child and find that one of the enumerated factors exists. Consent to adoption is not a relevant inquiry in termination proceedings. Thus, even if there were an issue with the form of Mother's consent to the adoption of Child, it would have no bearing on the validity of the court's best interest analysis or the termination proceedings generally. Thus, the magistrate court acted appropriately in conducting an analysis of the best interest of the child, as required by Section 16-2005(1), as part of the termination proceedings.

## V.  CONCLUSION

For the foregoing reasons, we affirm the order of the magistrate court terminating Father's parental rights.


Chief Justice BURDICK, and Justices EISMANN, JONES and HORTON CONCUR.

6